CJ-2021-3019
Bonner

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ALFONSO ZUBIA and MARIA ZUBIA, <br><br> Plaintiffs, <br><br> v. <br><br> LAKHVEER SINGH, an individual, AK LOGISTICS, LLC, a limited liability company, JAGDEEP SINGH INSURANCE AGENCY and UNITED SPECIALTY INSURANCE COMPANY, <br><br> Defendants. | CJ-2021-3019 <br><br> Case No. <br><br> FILED IN DISTRICT COURT OKLAHOMA COUNTY <br><br> JUL 16 2021 <br><br> RICK WARREN COURT CLERK <br><br> 126 _____ |

## PETITION

COMES NOW the Plaintiffs, Alfonso Zubia and Maria Zubia and for their Petition and cause of action against the above-named Defendants allege and state as follows:

**I.   JURISDICTION**

1. This Court has jurisdiction pursuant to Okla. Stat. tit. 12, §2004(F).

2. Plaintiffs are and were at all relevant times residents of the state of Oklahoma.

3. Defendant Lakhveer Singh (hereinafter "Defendant Singh" or "Defendant Driver") is a North Carolina citizen who was at all times described herein the agent, servant, and employee acting within the scope of his employment or on behalf of Defendant AK Logistics, LLC. Defendant AK Logistics, LLC is therefore responsible for the actions and conduct of Defendant Singh under the doctrine of *respondeat superior*.

4. Defendant AK Logistics, LLC (hereinafter "Defendant AK" or "the Carrier Defendant") is a limited liability company, organized and existing under the laws of a state other than Oklahoma, with its headquarters in Lorton, Virginia.

5. The Carrier Defendant, acting through Defendant Singh and others, direct and

1

Exhibit 1

conduct substantial business activities toward and within Oklahoma on a regular basis.

6. The Carrier Defendant, along with Defendant Singh, are responsible for Plaintiffs' damages under theories of negligence, negligence *per se*, respondeat superior, negligent entrustment, vicarious liability, statutory employment doctrines and apparent and/or actual agency.

7. Defendants Jagdeep Singh Insurance Agency and United Specialty Insurance Company ("the Insurer Defendants") are the liability insurance companies of Defendant AK. The Insurer Defendants are properly named in this action pursuant to OKLA. STAT. TIT. 47, §230.30. By operation of law, the Insurer Defendants are jointly liable with Defendants Singh and AK.

8. Venue attaches in Oklahoma County, State of Oklahoma pursuant to OKLA. STAT. TIT. 12, § 137 because Defendant AK Logistics LLC has not properly registered with the Oklahoma Secretary of State in accordance with OKLA. STAT. TIT. 18, § 1136. As such, service of process may be obtained on Defendant AK by serving the Secretary of State as its agent in Oklahoma County. OKLA. STAT. TIT. 18, § 1136(A); OKLA. STAT. TIT. 18, § 471. Venue also attaches in Oklahoma County pursuant to OKLA. STAT. TIT. 12, § 135 because Defendant AK is a transportation company against whom an action may be commenced in any county through which the lines of road or any part of the structure of such company passes. OKLA. STAT. TIT. 12, § 135. As such, at the option of the Plaintiffs, venue shall be in any county of Oklahoma through which Interstate 40 passes. Venue attaches in Oklahoma County as to the Insurer Defendants pursuant to OKLA. STAT. TIT. 36, § 621 as a foreign insurer whom service of process may be obtained by serving the Oklahoma Insurance Commissioner in Oklahoma County. This Court has venue as to other Defendants because Oklahoma County is a county where a co-defendant may properly be sued. OKLA. STAT. TIT. 12, § 137, 141.

9. On or about July 21, 2019 at 5:30 p.m., a tractor owned by Defendant AK Logistics, LLC, and a trailer owned by or leased to, Defendant AK and being operated by Defendant Singh, deviated from its lane of travel on Interstate 40 in Beckham County, State of Oklahoma, colliding with the vehicle in which Plaintiffs Alfonso Zubia and Maria Zubia were passengers.

10. As a direct result of the collision, Plaintiffs sustained injuries and damages.

11. The tractor-trailer operated by Defendant Singh and owned by Defendant AK was a "commercial motor vehicle" as that term is defined by 49 C.F.R. § 390.5.

12. At all relevant times AK and its employee Defendant Singh were subject to the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390.1-396.25.

13. These regulations are intended to reasonably protect the safety of the public.

14. At all relevant times Defendant Singh was an employee of Defendant AK as that term is defined by 49 C.F.R. § 390.5.

15. Defendant Singh, in operation of the semi-tractor and trailer, had a duty to follow Oklahoma's Rules of the Road, codified at OKLA. STAT. TIT. 47, § 11-101, et. seq.

16. Defendant Sing, in operation of Defendant AK's semi-tractor and trailer failed to exercise ordinary care in causing the semi-tractor and trailer to deviate from its lane of travel and strike another vehicle thereby endangering the safety of the traveling public, including Plaintiffs.

17. Defendant Singh, in operation of Defendant AK's semi-tractor and trailer violated provisions of the Oklahoma's Rules of the Road, Okla. Stat. tit. 47, § 11-101 et seq., and the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 300 et seq., which are designed to protect members of the traveling public, including Plaintiffs, from unnecessary injury and harm.

18. A substantial factor causing the collision and the injuries and damages to the Plaintiffs was the negligence of Defendant Singh, including but not limited to one or more of the following respects:

    a. Failing to drive his vehicle in a single lane, or failing to safely change lanes in violation of Oklahoma Statute 47 O.S. §11-309 and 49 C.F.R. §392.2;

    b. Failure to keep a proper lookout for other vehicles;

    c. Failing to take evasive action to avoid the collision;

    d. Operating the tractor-trailer while distracted;

    e. Operating the tractor-trailer while his ability or alertness was so impaired through fatigue to make it unsafe for him to continue to operate the vehicle, in violation of 49 C.F.R. § 392.3;

    f. Failing to apply his brakes to avoid the collision;

    g. Failing to maintain his vehicle under his control; and

    h. Failing to drive as a reasonable driver of a commercial motor vehicle.

19. At the time of the collision, Defendants' semi-tractor and the trailer were under the exclusive control of Defendant Singh. Defendant Singh causing the semi-tractor to deviate from its lane into another vehicle and failing to apply the brakes while traveling at a high rate of speed is the kind of event which ordinarily does not occur in the absence of negligence on the part of Defendant Singh.

20. Defendant Singh was acting within the scope of his employment with Defendant AK, at the time of the collision because he was engaged in the work which had been assigned to him by Defendant AK, or was doing that which is proper, usual and necessary to accomplish the work assigned to him by Defendant AK. Accordingly, Defendant Singh's acts and omission described herein are the acts or omissions of Defendant AK.

21. Defendant AK, as owner of the semi-tractor, failed to use ordinary care to avoid lending and/or providing a semi-tractor and/or trailer to Defendant Singh when said Defendant knew or reasonably should have known under the circumstances that Defendant Singh was careless, reckless, and/or incompetent to drive. The acts and omissions in providing Defendant Singh a semi-tractor and/or trailer constitute independent acts and omissions of negligence on the part of Defendant AK.

22. That the actions of Defendant AK in providing the subject vehicle to Defendant Singh also constituted negligence per se by violating 49 C.F.R. 390.13.

23. Defendants' individual and concurring acts and omissions described herein were the direct, and proximate cause of Plaintiffs' injuries.

24. Defendants AK and Singh acted in reckless disregard of the rights of others and did a wrongful act intentionally without just cause or excuse. Said Defendants were either aware or did not care that, under the circumstances, there was a substantial and unnecessary risk that their conduct would cause serious injury to others, and there was a high probability that their conduct would cause serious harm to another person, such that a jury should give damages for the sake of example and by way of punishing said Defendants.

WHEREFORE, premises considered, Plaintiffs demand judgment against all Defendants for actual damages and punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with their costs, expenses, attorney fees and other such relief as may be equitable and just.

Respectfully Submitted,

*signature*

Dakota C. Low, OBA #31627
THE LAW OFFICE OF DAKOTA C. LOW, P.L.L.C.
309 NW 9th Street
Oklahoma City, OK 73102
Telephone: (405) 601-8899
Facsimile:  (405) 730-8083
dlow@dakotalow.com
*Attorney for Plaintiffs*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**